**COLISEUM CARTAGE COMPANY, INC.** f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

**CONTINENTAL COFFEE PRODUCTS CO., A DIVISION OF STALEY CONTINENTAL, INC., Defendant.**

v.

**MCLEOD TRUCKING & RIGGING, Defendant.**

**COLISEUM CARTAGE COMPANY, INC.** f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

**TUCKER COMPANY, Defendant.**

**COLISEUM CARTAGE COMPANY, INC.** f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

**CINCINNATI PAPERBOARD CORPORATION, Defendant.**

**COLISEUM CARTAGE COMPANY, INC.** f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

**GENERAL ELECTRIC COMPANY, Defendant.**

**COLISEUM CARTAGE COMPANY, INC.** f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint

Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

AMERICAN DISTRIBUTING SYSTEM, INC., Defendant.

COLISEUM CARTAGE COMPANY, INC. f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

THOMAS RADIO CORPORATION, Defendant.

COLISEUM CARTAGE COMPANY, INC. f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

HOOVER UNIVERSAL, INC., Defendant.

COLISEUM CARTAGE COMPANY, INC. f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

CARRIER CORPORATION, Defendant.

COLISEUM CARTAGE COMPANY, INC. f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

FIRESTONE CORRY FOAM PRODUCTS and Foamex Products, Inc., Defendants.

COLISEUM CARTAGE COMPANY, INC. f/k/a Pacesetter Transportation Company and Consolidated/Mark, a Joint Venture Between Consolidated Stores International, Corp. and Mark Services, Inc., Plaintiffs,

v.

GOODYEAR TIRE & RUBBER COMPANY, Defendant.

Nos. C–88–347–WS, C–88–351–WS, C–88–356–WS, C–88–468–WS, C–88–480–WS, C–88–481–WS, C–88–486–WS, C–88–551–WS, C–88–576–WS, C–88–593–WS and C–88–628–WS.

United States District Court, M.D. North Carolina, Winston–Salem Division.

March 23, 1989.

Judgment Dismissing Action By Reason of Settlement Aug. 17, 1989.

See also, 732 F.Supp. 1340.

**1338**

R.T. Wilder, Jr. and Langdon M. Cooper, Gastonia, N.C., and Joseph L. Steinfeld, Jr. and Robert B. Walker, Washington, D.C., for plaintiffs.

Joseph W. Eason and Thomas W. Steed, Jr., Raleigh, N.C., and Edward J. Kiley and Joseph M. Roberts, Washington, D.C., for defendants.

## MEMORANDUM OPINION

ERWIN, Chief Judge.

This matter is before the court on motion of plaintiffs Coliseum Cartage Company, Inc. f/k/a Pacesetter Transportation Company and Consolidated/Mark, A Joint Venture Between Consolidated Stores International Corp. and Mark Services, Inc., pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the counterclaims of the above defendants for failure to state a claim upon which relief can be granted. The parties have fully briefed the issues, and the matter is ready for a ruling. The court will grant plaintiffs' motions to dismiss the counterclaims of defendants made pursuant to 49 U.S.C.A. § 11705(b)(3) (West 1988), and deny plaintiffs' motions to dismiss defendants' common law counterclaims. The above cases have been consolidated by the court for the purposes of this opinion and order on the motion of each to dismiss defendants' counterclaim. This consolidated opinion and order apply to each of the above cases, and, for the conve-

nience of the court, a copy of this Memorandum Opinion and Order will be filed in each of the above cases.

### Statement of Facts

During 1983 and 1984, McLean Trucking Company (McLean) used the name "Pacesetter Transportation" as a trade name for an unincorporated special division. In June 1984, McLean's parent corporation created Pacesetter Transportation Company (Pacesetter) as a subsidiary, and Pacesetter began operating as a common carrier on January 1, 1985.

McLean filed a Chapter 11 petition in the United States Bankruptcy Court, Western District of North Carolina, on January 10, 1986, and Pacesetter filed a Chapter 11 petition on July 9, 1986. Before filing its petition, Pacesetter changed its name to Coliseum Cartage Company (Coliseum).

Upon motion of Coliseum, the bankruptcy court entered an order on November 10, 1986 which authorized Coliseum to sell all right, title, and interest to its undercharge claims to a joint venture between Mark Services, Inc. and Consolidated Stores, Corporation (Consolidated). Subsequently, Consolidated reassigned a five percent interest in the undercharge claims to Coliseum. Consolidated and Coliseum then filed an adversary proceeding in the bankruptcy court seeking collection of alleged undercharges for shipments in an amount equal to the difference between the applicable interstate motor common carrier tariff rates and that billed to (or collected from) defendants by Coliseum and Pacesetter. After the bankruptcy court dismissed plaintiffs' collection action for lack of subject matter jurisdiction, plaintiffs filed this action seeking collection of the alleged undercharges for the same shipments that formed the basis of the bankruptcy court claims.

In answering, defendants deny that any additional freight charges are due. Defendants also counterclaimed against the plaintiffs alleging that plaintiffs are attempting to charge unreasonable rates in violation of 49 U.S.C.A. § 10701(a) (West 1988), thus entitling defendants to recover

pursuant to 49 U.S.C.A. § 11705(b)(3). In their counterclaims, defendants further allege that plaintiffs quoted misleading rates to defendants who relied to their detriment upon said quotations in tendering freight and that plaintiffs were negligent in failing to file the rates agreed upon with defendants as tariffs with the Interstate Commerce Commission (ICC) or to enter into a written contract carriage agreement with the defendants prior to its transportation of the freight tendered by the defendants.

## Discussion

■ In their statutory counterclaim, defendants assert that plaintiffs in these actions are attempting to impose retroactively upon the defendants rates that are unreasonable and therefore unlawful under 49 U.S.C.A. § 10701(a). Consequently, defendants allege that they are entitled pursuant to 49 U.S.C.A. § 11705(b)(3) to recover from plaintiffs all damages that defendants may sustain as a result. Title 49, United States Code Annotated, Section 11705(b)(3) provides:

A common carrier providing transportation or service subject to the jurisdiction of the Commission under subchapter II or IV of chapter 105 of this title or a freight forwarder is liable for damages resulting from the imposition of rates for transportation or service the Commission finds to be in violation of this subtitle.

Section 11705(b)(3) grants shippers a right to recover reparations from motor carriers who impose an unreasonable rate. However, the clear language of the provision indicates that the subsection only applies following an ICC finding of a violation. Thus, Subsection 11705(b)(3) is clearly inapplicable in this case, and defendants' counterclaim based on that statutory provision will be dismissed for failure to state a claim upon which relief can be granted.

■ In their negligence counterclaim, defendants assert that Pacesetter negligently failed to take those ordinary and reasonable steps necessary to insure that the defendants received the rates promised by Pacesetter based on the lawful carriage contracts. In the alternative, the defen-

dants assert that Pacesetter owed a duty to the defendant to take those ordinary and reasonable steps necessary to file in a tariff the rates negotiated with and promised to the defendants and that Pacesetter negligently failed to take such steps, thereby damaging the defendants and creating a tort action in favor of the defendants. Title 49, United States Code Annotated, Section 10103 (West 1988) provides that "[e]xcept as otherwise provided in this subtitle, the remedies provided under this subtitle are in addition to remedies existing under another law or at common law." In *Nader v. Allegheny Airlines, Inc.*, 426 U.S. 290, 96 S.Ct. 1978, 48 L.Ed.2d 643 (1976), the Supreme Court repeated with apparent approval the analysis of a similar savings clause in *Texas & Pacific R. Co. v. Abilene Cotton Oil Co.*, 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553 (1907), which noted that:

"[A] common law right, even absent a savings clause, is not to be abrogated 'unless it be found that the preexisting right is so repugnant to the statute that the survival of such right would in effect deprive the subsequent statute of its efficacy; in other words, render its provisions nugatory.' "

*Nader*, 426 U.S. at 298, 96 S.Ct. at 1984.

In ruling on motions pursuant to Rule 12(b)(6), the court must presume that nonmovants' version of the facts is true and grant all reasonable inferences in favor of the non-movant. *Jenkins v. McKeithan*, 395 U.S. 411, 421–22, 89 S.Ct. 1843, 1848–49, 23 L.Ed.2d 404 (1969). The court is of the opinion that permitting defendants to maintain a cause of action in negligence would not, under every set of facts defendants might possibly make out, lead to a result inconsistent with the results of the Motor Carrier Act. Therefore, the court will deny plaintiffs' motion to dismiss defendants' negligence counterclaim for failure to state a claim upon which relief can be granted.

For the same reasons, the court will deny plaintiffs' motion to dismiss defendants' misrepresentation counterclaim.

*Conclusion*

For the reasons set forth above, plaintiffs' motions to dismiss defendants' statutory counterclaim will be GRANTED, and plaintiffs' motions to dismiss defendants' common law counterclaims will be DENIED in an Order entered contemporaneously herewith.

### JUDGMENT DISMISSING ACTION BY REASON OF SETTLEMENT

The Court has been advised by counsel that this action has been settled, or is in the process of being settled. Therefore, it is not necessary that the action remain upon the docket of the court.

IT IS ORDERED that the action is dismissed without prejudice. The Court retains complete jurisdiction to vacate this order and to reopen the action upon cause shown that settlement has not been completed and further litigation is necessary.

IT IS FURTHER ORDERED that the Clerk forthwith serve copies of this judgment by United States mail upon the attorneys for the parties appearing in this action.